# Supreme Court of Wisconsin

| | |
|---|---|
| CASE No.: | 2012AP371-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Richard J. Podell, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>   Complainant,<br>  v.<br>Richard J. Podell,<br>   Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST PODELL

| | |
|---|---|
| OPINION FILED: | March 22, 2013 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|  COURT: | |
|  COUNTY: | |
|  JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|  CONCURRED: | |
|  DISSENTED: | |
|  NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2012AP371-D

STATE OF WISCONSIN          :          IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Richard J. Podell, Attorney at Law:**

**Office of Lawyer Regulation,**

**FILED**

            **Complainant,**

     **v.**

**MAR 22, 2013**

**Richard J. Podell,**

Diane M. Fremgen
Clerk of Supreme Court

            **Respondent.**

ATTORNEY disciplinary proceeding.   *Complaint dismissed.*

¶1   PER CURIAM.   Pending before the court is a report filed by Referee Richard C. Ninneman recommending this court dismiss a disciplinary complaint filed against Attorney Richard J. Podell.   No appeal has been filed, so we consider this matter pursuant to SCR 22.17(2).[1]

----

[1] SCR 22.17(2) states:

        If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate

¶2 We agree with the referee's conclusion that the facts of this case do not support a conclusion that Attorney Podell's conduct violated SCR 20:8.4(c). We therefore dismiss the complaint. No costs will be imposed.

¶3 Attorney Podell was admitted to practice law in Wisconsin in 1969. He practices family law in Milwaukee. He has not previously been disciplined by the Office of Lawyer Regulation (OLR).

¶4 On February 21, 2012, the OLR filed a complaint against Attorney Podell alleging that he engaged in professional misconduct involving dishonesty, fraud, deceit or misrepresentation in violation of SCR 20:8.4(c) when he filed three expense reimbursement requests with the American Bar Association (ABA) in connection with its 2010 midyear meeting in Orlando, Florida.

¶5 Attorney Podell was a longstanding active member of the ABA, serving on numerous committees and holding numerous office positions. He was a member of the House of Delegates, was past-Chair of the Family Law Section, was Chair of the Individual Rights and Responsibilities Section, and also served as budget officer of the Senior Lawyers Division. Attorney Podell frequently attended ABA section meetings and ABA House of Delegates meetings and often submitted requests for financial reimbursement to different ABA sections.

---

discipline. The court, on its own motion, may order the parties to file briefs in the matter.

¶6 The OLR's complaint alleged that Attorney Podell personally submitted three claims for expense reimbursement following the 2010 ABA midyear meeting in Orlando, Florida, that included separate requests for reimbursement of the same expenses. In total, Attorney Podell sought reimbursement of $2,371.50 from the ABA.

¶7 Attorney Podell then received a letter from the ABA advising him he had sent "compound" (duplicate) reimbursement requests. The ABA then conducted an audit of Attorney Podell's ABA reimbursement requests for the years 2007, 2008, and 2009, which revealed that Attorney Podell had submitted duplicate requests for expense reimbursement to various ABA entities for those years. The total overpayment by the ABA to Attorney Podell for these years was $1,155.80.[2]

¶8 Attorney Podell admitted that he did not send the reimbursement requests to the ABA in an appropriate manner. He expressed embarrassment and regret, repaid the ABA the amounts calculated as owed, claimed that he often failed to request reimbursement for ABA-related expenses and, had he done so, the ABA would have had to pay him considerable sums of money, and

---

[2] Attorney Podell testified that during his 40 years of ABA service he submitted 200 to 300 such vouchers and from time to time, ABA staff would point out errors he had made, which he would then correct and resubmit. Between 2008 and 2010 Attorney Podell attended 56 ABA meetings outside the state of Wisconsin. Of these 56 meetings, he only submitted reimbursement vouchers for approximately 35 meetings.

that he would not submit any further requests for ABA reimbursement. He immediately sought to rectify his mistake.

¶9 There was testimony at the evidentiary hearing about the confusing nature of ABA reimbursement policies. Reimbursement policies for meals and lodging were a per diem rate, which differed based on the type of meeting attended.[3] The referee also heard testimony regarding Attorney Podell's excellent reputation for trustworthiness and honesty.

¶10 The referee found that Attorney Podell submitted requests for reimbursement of his $207.70 airfare to three separate ABA entities, totaling $415.40 in duplicate requests. He also submitted duplicate requests for reimbursement of the cost of ground transportation in the amount of $168.40, for a total of $583.80 in so-called compound billing. The referee found that the OLR failed to establish any compound (duplicate) billing for lodging/meals.[4]

---

[3] For example, on the reimbursement form to the Individual Rights and Responsibilities Section, lodging and meals were limited to $100 per day. The reimbursement form to the Senior Lawyers Division limited lodging expenses to $200 per day. The reimbursement request to the House of Delegates states that lodging and meals are not reimbursable, but further below provides that certain committee members may be reimbursed at the rate of $100 per day for hotel expenses. The reimbursement policies are not designed to fully reimburse one for expenses incurred in attending a meeting.

[4] Attorney Podell incurred expenses for the Orlando midyear meeting in the amount of $2,861.06 ($2,373.36 for lodging and meals; $337.70 for airfare including the reservation change fee; $125 for ground transportation; and $25 for miscellaneous expenses). Attorney Podell was reimbursed $832.70, so he incurred $2,028.36 in expenses for which he was not reimbursed for this meeting alone.

¶11 When Attorney Podell reimbursed the ABA he was told that the matter was closed. Nonetheless, in 2010 T. Maxfield Bahner, a Tennessee attorney and former ABA officer, learned of this matter from an ABA staff member. The ABA did not ask Bahner to investigate the matter, but Bahner began pursuing the matter of his own accord.

¶12 Bahner discussed the issue with numerous individuals and set up phone conference calls with Attorney Podell during which an ABA staff member silently listened and Bahner's secretary also listened and took notes. Indeed, the referee commented:

> [W]atching Bahner testify and considering the number of people within the ABA who now were aware of this matter; considering Bahner's rush to judgment that Podell was guilty of dishonesty from the very outset; considering Bahner's obsession that Podell should self-report this to OLR despite advice from others; considering that phone conversations with his so-called "friend" were silently being listened to by a notekeeper or ABA staff; this referee is reminded of the old adage that with friends like this, who needs enemies.

There is no indication these factual findings are clearly erroneous.

¶13 We consider whether Attorney Podell's conduct violated SCR 20:8.4(c). Supreme court rule 20:8.4(c) provides it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

¶14 The referee considered the cases cited by the OLR inapposite based on his credibility determination that Attorney

5

Podell's conduct was neither knowing nor intentional.[5] See In re Disciplinary Proceedings Against Jacobson, 2004 WI 152, ¶50, 277 Wis. 2d 120, 690 N.W.2d 264 (noting that intent can be inferred from the circumstances, and it is proper for the referee to assess an attorney's credibility with respect to intent). The OLR thus failed to convince the referee "that an attorney's unintentional error or careless mistake in submitting reimbursement vouchers to the ABA, without more, will support a finding that the attorney violated SCR 20:8.4(c)."

¶15 The referee deemed it significant that when the errors were called to Attorney Podell's attention, he not only admitted the mistake, but sought to correct the same and took full responsibility for the error. The referee stated:

> In observing Podell, this referee finds that Podell's actions in this matter were not done knowingly, recklessly, consciously or intentionally for the purpose of getting a larger reimbursement from the ABA than he was entitled to for the meeting. . . .
>
> This referee finds that OLR has not proven by clear, satisfactory and convincing evidence that Podell engaged [in] professional misconduct involving dishonesty, fraud, deceit or misrepresentation with respect to his 2010 expense vouchers to the ABA in connection with the Orlando midyear meeting.

---

[5] The referee observed, in part, that Attorney Podell has been actively involved in ABA activities for 40 years, had political aspirations, and attended multiple meetings of the ABA outside the state of Wisconsin at considerable financial expense to Attorney Podell. Given this background, the referee found it "inconceivable that he would intentionally throw all of this away by trying to cheat the ABA out of $583.80."

¶16 Thus, the referee concluded the OLR failed to meet its burden of proof that Attorney Podell violated SCR 20:8.4(c) and recommended the court dismiss the complaint.

¶17 A referee's findings of fact will not be set aside unless they are clearly erroneous. We review the referee's conclusions of law de novo. In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. We conclude that the referee's findings of fact are not clearly erroneous, and we also uphold the referee's conclusion of law that Attorney Podell's conduct did not violate SCR 20:8.4(c). Consequently, we dismiss the OLR's complaint. No costs will be imposed.

¶18 IT IS ORDERED that the Office of Lawyer Regulation's complaint is dismissed. No costs are imposed.